IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIM TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) FILE No. |
| E-Z PLUS, INC. and HERBERT D. | ) |
| WEITZMAN, TRUSTEE OF THE | ) |
| MAXINE M. GRABLOWSKY TRUST, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, KIM TURNER, by and through the undersigned counsel, and files this, her Complaint against Defendants, E-Z PLUS, INC. and HERBERT D.WEITZMAN, TRUSTEE OF THE MAXINE M. GRABLOWSKY TRUST, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.   This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' E-Z PLUS, INC. and HERBERT D.WEITZMAN, TRUSTEE OF THE MAXINE M. GRABLOWSKY TRUST, failure to remove physical barriers to access and violations of Title III of the ADA.

1

## PARTIES

2. Plaintiff KIM TURNER (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, E-Z PLUS, INC. (hereinafter "E-Z PLUS, INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

8. Defendant may be properly served with process via its registered agent for service, to wit:  Mohammed Mushtaq Habib, Registered Agent, 818 South Central

Expressway, Suite #21, Richardson, Texas 75201.

9. Defendant, HERBERT D. WEITZMAN, TRUSTEE OF THE MAXINE M. GRABLOWSKY TRUST (hereinafter "HERBERT D. WEITZMAN"), is an individual who that transacts business in the State of Texas and within this judicial district.

10. Defendant may be properly served with process via service, to wit: 3901 Lovers Lane Circle, Dallas, TX 75225-7103.

## FACTUAL ALLEGATIONS

11. On or about December 13, 2017, Plaintiff was a customer at "EZ Shop," a business located at 818 Central Expressway, Richardson, Texas 75080, referenced herein as the "EZ Shop."

12. On or about August 3, 2018, Plaintiff again returned to EZ Shop to be a customer and for advocacy purposes, however, due to the barriers to access she was dissuaded from patronizing the store as she did not want to expose herself to difficulties and dangers of doing so.

13. E-Z PLUS, INC. is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

14. HERBERT D. WEITZMAN, TRUSTEE OF THE MAXINE M. GRABLOWSKY TRUST, is the owner or co-owner of the real property and improvements that the EZ Shop is situated upon and that is the subject of this action, referenced herein as the "Property."

15. Plaintiff has visited EZ Shop and the Property at least twice before as a customer and advocate for the disabled. Plaintiff intends on revisiting EZ Shop and the

Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a regular customer, to determine if and when EZ Shop and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

16. Plaintiff intends on revisiting EZ Shop and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

17. Plaintiff's access to the business(es) located at 818 Central Expressway, Richardson, Texas 75080, Dallas County Property Appraiser's parcel number 42236500000220000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants, E-Z PLUS, INC. and HERBERT D. WEITZMAN, TRUSTEE OF THE MAXINE M. GRABLOWSKY TRUST, are compelled to remove the physical barriers to access and correct the ADA violations that exist at the EZ Shop and Property, including those set forth in this Complaint.

18. Plaintiff has visited the EZ Shop at least twice before. Plaintiff intends on revisiting the EZ Shop within six months or sooner to determine if and when the EZ Shop is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

19. Plaintiff intends to revisit the EZ Shop and the Property to purchase goods

and/or services as well as for Advocacy Purposes.

20. Plaintiff travelled to the EZ Shop and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the EZ Shop and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the EZ Shop and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

21. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

22. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other

           opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

23.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

24.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

25.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

26.    The EZ Shop is a public accommodation and service establishment.

27.    The Property is a public accommodation and service establishment.

28.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the

Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

29. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

30. The EZ Shop must be, but is not, in compliance with the ADA and ADAAG.

31. The Property must be, but is not, in compliance with the ADA and ADAAG.

32. Plaintiff has attempted to, and has to the extent possible, accessed the EZ Shop and the Property in her capacity as a customer of the EZ Shop and the Property and as an independent advocate twice before, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the EZ Shop and the Property that preclude and/or limit her access to the EZ Shop and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33. Plaintiff intends to visit the EZ Shop and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the EZ Shop and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA

7

violations that exist at the EZ Shop and the Property that preclude and/or limit her access to the EZ Shop and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34. Defendants, E-Z PLUS, INC. and HERBERT D. WEITZMAN, TRUSTEE OF THE MAXINE M. GRABLOWSKY TRUST, have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the EZ Shop and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

35. Defendants, E-Z PLUS, INC. and HERBERT D. WEITZMAN, TRUSTEE OF THE MAXINE M. GRABLOWSKY TRUST, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, E-Z PLUS, INC. and HERBERT D. WEITZMAN, TRUSTEE OF THE MAXINE M. GRABLOWSKY TRUST, are compelled to remove all physical barriers that exist at the EZ Shop and Property, including those specifically set forth herein, and make the EZ Shop and the Property accessible to and usable by Plaintiff and other persons with disabilities.

36. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the EZ Shop and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the EZ Shop and the Property include, but are not limited to:

    **(a)**     **ACCESSIBLE ELEMENTS:**

(i)     Accessible parking space near the EZ Shop has a cross-slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This violation made it dangerous and difficult for Plaintiff to exit and enter her vehicle while parked at the Property.

(ii)     The access aisle serving the accessible parking space in front of the EZ Shop is not at the same level as the accessible parking space it serves in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter her vehicle while parked at the Property.

(iii)     The Property lacks an accessible route leading from the access aisle in front of the EZ Shop to the accessible entrance of the EZ Shop and other accessible entrances on the property in violation of Section 206.2.1 of the 2010 ADAAG standards. This lack of access route results when a vehicle pulls up to the parking stop on the accessible parking space and the nose of the vehicle protrudes past the parking stop. When combined with a policy of Defendants placing newspaper vending machines and the presence of a pole, there is a lack of a 36 inch access route thus blocking access to the accessible entrances. This violation made it difficult for Plaintiff to access the units of the Property.

(iv)     There is an excessive vertical rise along the accessible route or path in violation of Section 303.2 of the 2010 ADAAG standards. This violation

        made it dangerous and difficult for Plaintiff to access public features of the Property.

(v)   Due to the presence of poles and other objects, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(vi)   There is not one continuous access route connecting the accessible facilities, accessible elements and accessible spaces in violation of Sections 206.2.2 and 206.2.4 of the 2010 ADAAG Standards do to a lack of a continuous minimum clear width of 36 inches for the exterior access route.

(vii)   The interior of the EZ Shop has a check cashing counter lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the check cashing counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the EZ Shop.

(viii)   Due to a policy decision regarding the placement of aisles and display racks, the interior of the EZ Shop has walking surfaces lacking a 36 (thirty-six) inch clear width in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the EZ Shop.

    (ix)    The vertical reach to the self-serve soda dispensers exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the EZ Shop.

    (x)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

37.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the EZ Shop and Property.

38.    Plaintiff requires an inspection of EZ Shop and the Property in order to determine all of the discriminatory conditions present at the EZ Shop and the Property in violation of the ADA.

39.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

40.    All of the violations alleged herein are readily achievable to modify to bring the EZ Shop and the Property into compliance with the ADA.

41.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the EZ Shop and the Property is readily achievable because the nature and cost of the modifications are relatively low.

42. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the EZ Shop and the Property is readily achievable because Defendants, E-Z PLUS, INC. and HERBERT D. WEITZMAN, TRUSTEE OF THE MAXINE M. GRABLOWSKY TRUST, have the financial resources to make the necessary modifications.

43. Upon information and good faith belief, the EZ Shop and the Property have been altered since 2010.

44. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

45. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, E-Z PLUS, INC. and HERBERT D. WEITZMAN, TRUSTEE OF THE MAXINE M. GRABLOWSKY TRUST, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the EZ Shop and Property, including those alleged herein.

46. Plaintiff's requested relief serves the public interest.

47. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, E-Z PLUS, INC. and HERBERT D. WEITZMAN, TRUSTEE OF THE MAXINE M. GRABLOWSKY TRUST.

48. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, E-Z PLUS, INC. and HERBERT D. WEITZMAN,

TRUSTEE OF THE MAXINE M. GRABLOWSKY TRUST, pursuant to 42 U.S.C. §§ 12188 and 12205.

49.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, E-Z PLUS, INC. and HERBERT D. WEITZMAN, TRUSTEE OF THE MAXINE M. GRABLOWSKY TRUST, to modify the EZ Shop and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, E-Z PLUS, INC., in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, HERBERT D. WEITZMAN, TRUSTEE OF THE MAXINE M. GRABLOWSKY TRUST, in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, E-Z PLUS, INC. and HERBERT D. WEITZMAN, TRUSTEE OF THE MAXINE M. GRABLOWSKY TRUST, from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, E-Z PLUS, INC. and HERBERT D. WEITZMAN, TRUSTEE OF THE MAXINE M. GRABLOWSKY TRUST, to (i) remove the physical barriers to access and (ii) alter the subject EZ Shop and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the

ADA;

(e) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: October 18, 2018.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
21301 Powerline Road, Suite 106
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com

ATTORNEYS FOR PLAINTIFF
KIM TURNER